RECEIVED
USDC CLERK, CHARLESTON, SC

2006 MAY 16  P 3: 40

## United States District Court
## District of South Carolina

| | |
|---|---|
| Ira S. Mullins, Jr., #08215-084;  )  | C/A No. 2:06-1356-TLW-RSC |
| )  | |
| Plaintiff;  )  | |
| )  | |
| vs.  )  | **Report and Recommendation** |
| )  | |
| Federal Bureau of Prisons of the United States of America;  )  | |
| U.S. Marshal Service; Medical Doctor in Charge of  )  | |
| Prisoner Health Care at Edgefield Federal Correctional  )  | |
| Institution (FCI-Edgefield); Medical Doctor in Charge of  )  | |
| Prisoner Health Care at Federal Bureau of Prisons Transit  )  | |
| Center at Oklahoma City; Sheriff and Chief of Police of  )  | |
| Bristol Virginia; Medical Doctor In Charge of Prisoner  )  | |
| Health Care in Bristol, Virginia; Medical Doctor In Charge  )  | |
| of Prisoner Health Care at the Roanoke City Jail in  )  | |
| Roanoke Virginia; Dr. Mayder, M.D., Dermatologist of  )  | |
| Kingsport, Tennessee; Jane Doe, Nurse at Roanoke City  )  | |
| Jail in Roanoke, Virginia; John Doe and Jane Doe,  )  | |
| Physician Assistants at the Federal Bureau of Prisons  )  | |
| Transit Center at Oklahoma City, Oklahoma, All  )  | |
| Individuals Listed Above are Being Sued in Their Official  )  | |
| Capacities as Government Agents and Also as Individuals;  )  | |
| )  | |
| Defendants .  )  | |
| )  | |

The Plaintiff, Ira S. Mullins (hereafter, the "Plaintiff"), is a federal prisoner proceeding *pro se*. He seeks relief pursuant to the Federal Tort Claims act (FTCA), Title 28 United States Code §2671 through § 2680. Under the provisions of 28 U.S.C. §636(b)(1)(b), and Local Civil Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review all pretrial matters in such prisoner cases and submit findings and recommendations to the District Court.

### BACKGROUND

On March 23, 2000, Plaintiff was sentenced to 240 months imprisonment after entering a

1

guilty plea to a single count of Bank Robbery (18 U.S.C. § 2113) in the United States District Court for the Western District of Virginia. See United States v. Jones, et al., 2:99-cr-10052-jpj-2 (D. W.D. Virginia 1999). Plaintiff is incarcerated at the Otisville Federal Correctional Institution (FCI-Otisville) in Otisville, New York.

The Complaint describes the administration to Plaintiff of steroid medications over several years, beginning with a prescription issued in April 1999 by Defendant Mayder, a dermatologist in Kingsport, Tennessee. Plaintiff was arrested in July 1999. He alleges that prison doctors and medical staff continued to administer the medication at local jails in Bristol and Roanoke, Virginia, at federal prison facilities in Oklahoma City, Oklahoma, and at FCI-Edgefield, in Edgefield, South Carolina. Plaintiff apparently believes that the medication caused loss of vision through cataracts and may have lead to a heart attack requiring surgery in October 2005.

Plaintiff seeks monetary damages in the amount of One Hundred Twenty Million Dollars ($120,000.00) for the tort of medical malpractice, specifically citing the FTCA as well as the common law of South Carolina, Tennessee and Virginia.

### *Pro Se* COMPLAINT

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, supra. Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only

that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## **FEDERAL TORT CLAIM**

Actions to recover damages for negligence or medical malpractice from federal officials and agencies are governed by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 through § 2680. Action brought against the United States under FTCA is Plaintiff's exclusive remedy for injuries of the sort alleged in his Complaint against employees of the Federal Bureau of Prisons (FBOP). Insofar as the above-named parties defendant are alleged to have acted in their official capacities, Plaintiff cannot pursue recovery against them individually but only against the United States. See 28 U.S.C. § 2679.

The first step in the FTCA process is an administrative filing under 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Under 28 U.S.C. § 2401 the claim must be filed within two years of the occurrence. The Federal Bureau of Prisons has adopted a Program Statement (PS) which explains, clearly and in detail, the procedure by which inmates may recover monetary damages for personal injury sustained while in custody. PS 1320.06 ("Federal Tort Claims Act"), Paragraph 7 ("Filing a

Claim") describes the procedure for obtaining and filing a claim form (SF-95). Because FTCA is a waiver of sovereign immunity, careful compliance with procedural requirements – such as filing of the administrative claim – is not only mandatory but is also "jurisdictional and may not be waived." Henderson v. United States, 785 F. 2d 121, 123 (4th Cir. 1986). See also Kielwien v. United States, 540 F. 2d 676, 679 (4th Cir. 1976).

Plaintiff nowhere indicates that he has even commenced the FTCA administrative process. He claims, however, that he "only recently learned of the horrendous malpractice perportrated [sic] upon him." [Docket Entry #1-1, p. 10.] He alleges that he recently received his medical records and thereby discovered the malpractice. ~~If these statements are true, Plaintiff is still well within the statute of limitations for filing his administrative claim. Dismissal of this action will not prejudice his pursuit of recovery.~~ *see* At the present time, this Court lacks jurisdiction to entertain Plaintiff's action.

## PERSONAL JURISDICTION

A bedrock requirement in any action under 42 U.S.C. § 1983 is that the district court in which a Complaint is brought shall have personal jurisdiction over the person(s) of the defendant(s). Rule 4(e) Federal Rules of Civil Procedure (Fed. R. Civ. P.) ("Service Upon Individuals Within a Judicial District of the United States") by its own title suggests that persons outside a given judicial district cannot be brought into that district court. The Rule, however, allows application of so-called state "long arm" statutes:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> > (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the

> defendant in an action brought in the courts of general jurisdiction of the State; or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Under South Carolina law, nonresidents may be served and subjected to state court jurisdiction, pursuant to provisions of S.C. Code Annotated § 36-2-803 ("Personal jurisdiction based upon conduct"):

> (1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's
>
>> (a) transacting any business in this State;
>> (b) contracting to supply services or things in the State;
>> (c) commission of a tortious act in whole or in part in this State;
>> (d) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this State; or
>> (e) having an interest in, using, or possessing real property in this State; or
>> (f) contracting to insure any person, property or risk located within this State at the time of contracting; or
>> (g) entry into a contract to be performed in whole or in part by either party in this State; or
>> (h) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.
>
> (2) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him....

Plaintiff asserts non-federal medical malpractice claims against Defendant Mayder, a dermatologist in Kingsport, Tennessee. The Complaint in this action discloses no basis upon which to assert personal jurisdiction over Dr. Mayder under South Carolina's "long arm" statute. It is, therefore, recommended that the malpractice claim against Dr. Mayder be dismissed without prejudice. This conclusion suggests no view on the merits of such claims. Clearly the state and

federal courts of Tennessee are the proper forum in which to adjudicate this matter.

## **RECOMMENDATION**

It is recommended that this action be that this action be dismissed in its entirety under 28 U.S.C. § 1915(g) without issuance or service of process. Plaintiff has failed to state a claim upon which relief could be granted by this Court. Plaintiff's attention is directed to the Notice on the following page.

                                                         Honorable Robert S. Carr
                                                        United States Magistrate Judge

Date: 5/16/06
Charleston, South Carolina

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
<u>& The Serious Consequences of a Failure to Do So</u>

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are not sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded pro se in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a pro se litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
Post Office Box 835<br>
Charleston, South Carolina 29402

7